## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEE SHAVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 7:09CV5013 |
| | ) | |
| CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., a Massachusetts corporation, | ) ) ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's Motion to Change Venue (#18) and plaintiff's objection thereto (#20).

The complaint alleges that the plaintiff resides in Scottsbluff, Scotts Bluff County, Nebraska and was employed by M.C. Schaff & Associates, Inc., an engineering firm. On December 13, 2007, as part of his employment with M.C. Schaff, and at the defendant's request, plaintiff went to the defendant's facility in rural Kimball County, Nebraska to "shoot ash level elevations." The field where plaintiff was working was covered with snow, which covered a series of deep holes that defendant had previously drilled into the ground. Defendant allegedly knew the holes were still unfilled and knew or should have known of the snow cover, but failed to warn plaintiff of the presence of the holes. Plaintiff fell into one of the holes drilled by the defendant and was badly injured. He requests a jury trial in North Platte, Nebraska.

Defendant now requests that trial be held in Omaha because it is a corporation based in Norwell, Massachusetts and all those qualified to testify on its behalf are based in Norwell. Counsel anticipates that one or more witnesses will have to travel to Nebraska to attend trial, and it would be more economical and convenient for defendant's representatives to travel to Omaha to testify.

In response, plaintiff points out that the defendant did own or operate the facility in Kimball County, Nebraska, and the accident occurred there. Plaintiff, his treating physicians, his employer, and lay witnesses are all located in or near western Nebraska.

Under NECivR 40.1(b)(1), the court must consider "the convenience of the litigants, witnesses, and attorneys" in resolving conflicting requests for place of trial. The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted. *See* NECivR 40.1(b).

The court finds that convenience of the parties and witnesses favors North Platte. The relative convenience of holding trial in North Platte outweighs the potential convenience to the defendant and its attorneys of holding the trial in Omaha.

**IT IS ORDERED** that defendant's Motion to Change Venue (#18) is denied, and plaintiff's objection thereto (#20) is sustained.

**DATED June 23, 2010.**

             **BY THE COURT:**

             s/ F.A. Gossett
             **United States Magistrate Judge**